UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>JOSE ROMERO-RAMOS,<br><br>                    Defendant. | NO. CR-09-6058-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT AND GRANTING DEFENDANT'S DISCOVERY MOTION** |

A pretrial conference was held in the above-captioned matter on May 13, 2010. Defendant Jose Romero-Ramos was present, represented by Nicholas Marchi. Assistant United States Attorney Alex Ekstrom appeared on the Executive Branch's behalf. Before the Court was Defendant's Motion to Dismiss Indictment (Ct. Rec. 47) and Request for Discovery and Inspection Pursuant to Federal Rule of Criminal Procedure 16 (Ct. Rec. 36). After reviewing the submitted material and relevant authority, the Court was fully informed. This Order memorializes and supplements the Court's oral rulings.

Mr. Romero-Ramos asks the Court to dismiss the Indictment, contending that his 1987 deportation order is based on an invalid state court drug conviction because defense counsel failed to inform him about the resulting immigration consequences. In addition, Mr. Romero-Ramos

ORDER ~ 1

argues that the 1998 reinstatement of the 1987 deportation order was invalid because he was not advised of his rights during the restatement procedure. The Executive Branch opposes the motion, arguing that 1) Mr. Romero-Ramos may not challenge, in this proceeding, his state court conviction on the grounds of ineffective assistance of counsel, 2) even if Mr. Romero-Ramos can challenge his prior conviction, Mr. Romero-Ramos failed to establish that the conviction is invalid due to ineffective assistance of counsel, and 3) Mr. Romero-Ramos has waived his ability to challenge any defects in the immigration proceedings.

**A.   Background**

On May 21, 1986, Mr. Romero-Ramos pled guilty to Possession of a Narcotic Controlled Substance for Sale in Los Angeles Superior Court, California, and received a two-year sentence. He claims that his plea is invalid because defense counsel failed to advise him of the immigration consequences of this conviction. For purposes of the instant motion, it is undisputed that a conviction for this state drug offense rendered Mr. Romero-Ramos subject to deportation. And at the October 9, 1987 immigration hearing, Mr. Romero-Ramos did not contest deportation and he was ordered deported to Mexico. (Ct. Rec. 49 Ex. A.)

Mr. Romero-Ramos returned to the United States, and on April 20, 1998, he was convicted for Attempted Re-entry After Deportation in the Southern District of California. *Id.* Ex. D.  On January 7, 1998, following his conviction and sentence, the October 9, 1987 deportation order was reinstated and Mr. Romero-Ramos was ordered removed. *Id.* Ex. B. Mr. Romero-Ramos was removed to Mexico on January 8, 1999. *Id.* Ex. C.

ORDER ~ 2

Mr. Romero-Ramos returned again to the United States, and at an immigration hearing on October 28, 1999, the January 8, 1998 deportation order was reinstated. *Id.* Ex. E. Mr. Romero-Ramos was removed to Mexico on October 30, 1999. *Id.* Ex. F.

Mr. Romero-Ramos returned again to the United States. On October 20, 2009, he was charged with the instant 8 U.S.C. § 1326 offense based on the October 30, 1999 deportation.

    b.   <u>Legal Authority and Analysis</u>

It is critical to recognize that Mr. Romero-Ramos' primary argument is not a collateral attack of a deportation order, but is a collateral attack of his final 1986 state drug conviction. The Court concludes that a defendant may not collaterally challenge a final state court conviction. Although this is a criminal case, the Court concludes that the rule prohibiting the collateral attack of a final conviction established in immigration proceedings also applies to a criminal case because of the need for finality of judgments. *See Ramirez-Villalpando v. Holder*, — F.3d —, 2010 WL 1407959 (9th Cir. April 9, 2010) ("[A] [p]etitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision."). The Court finds the following analysis helpful:

> Although de la Cruz makes three separate arguments on appeal, all are premised on one factual allegation-that de la Cruz did not understand the deportation consequences of his guilty plea in state court. De la Cruz's argument is essentially that he was denied effective assistance of counsel in his state court criminal trial because he was not advised of the deportation consequences of pleading guilty to burglary (that burglary is classified as a crime of moral turpitude for purposes of 8 U.S.C. § 1251, subjecting de la Cruz to deportation). Thus, he is attempting to collaterally attack his prior conviction.

> This court has held that the INS has no power to adjudicate the validity of state convictions underlying deportation hearings. *Ocon-Perez v. I.N.S.*, 550 F.2d 1153 (9th Cir. 1977). The court held that since the criminal convictions were final in that no appeals were taken from them, there was an adequate basis for the order of deportation. *Id.* at 1154. Similarly this court held in *Morales-Alvarado v. I.N.S.*, 655 F.2d 172, 175 (9th Cir. 1981), that once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for immigration purposes. *See also Brice v. Pickett*, 515 F.2d 153, 154 (9th Cir. 1975) (court refuses to inquire into whether a foreign conviction that subjected appellant to deportation comported with federal constitutional standards).

*De La Cruz v. U.S. Immigration and Naturalization Service*, 951 F.2d 226 (9th Cir. 1991).

Mr. Romero-Ramos correctly highlights that the Supreme Court recently determined that the failure to inform a defendant of the immigration consequences of a criminal conviction is ineffective assistance of counsel. *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). However, *Padilla* was a 28 U.S.C. § 2254 habeas petition; it was not a collateral attack of a prior conviction in a *subsequent* criminal proceeding. The Court deems that once a conviction is final it may not be challenged; there is no question that Mr. Romero-Ramos' almost twenty-five year old state court conviction is final. Accordingly, he may not challenge the validity of the 1986 conviction in this proceeding.

Even if Mr. Romero-Ramos could collaterally attack his 1986 state court drug conviction, the Court finds that he fails to establish that state counsel ineffectively assisted him. Mr. Romero-Ramos did not present any evidence, including either a declaration or affidavit from himself or state court defense counsel, to support his argument that

ORDER ~ 4

state counsel failed to advise him of the immigration consequences of his plea.

Lastly, Mr. Romero-Ramos is not entitled to relief on his argument that he was not informed of his rights during the 1998 reinstatement process. This Indictment is based on the October 30, 1999 unchallenged removal; therefore, whether he was advised of his rights during the 1998 reinstatement process is irrelevant.

For the above-given reasons and those articulated at the hearing, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Indictment **(Ct. Rec. 47)** is **DENIED**.

2. Defendant's Request for Discovery and Inspection Pursuant to Federal Rule of Criminal Procedure 16 **(Ct. Rec. 36)** is **GRANTED** consistent with *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 557 (1985), *Roviaro v. United States*, 353 U.S. 53 (1957), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny; Federal Rules of Criminal Procedure 16 and 26.2; and 18 U.S.C. § 3500.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this 17th day of May 2010.

                                      S/ Edward F. Shea
                                      EDWARD F. SHEA
                          United States District Judge

Q:\Criminal\2009\6058.dismiss.wpd

ORDER ~ 5